Frederic M. Douglas (Bar No. 212778)
fdouglas@cox.net
15333 Culver Drive, Suite 340
Irvine, CA 92604-3051
Telephone: (949) 293-0442
Facsimile: (949) 203-8768

Attorney for Plaintiff QUAD CITY PATENT, LLC

(Defendants' Counsel shown at close)

# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAD CITY PATENT, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ZOOSK, INC., DOES 1-10, inclusive,<br><br>Defendants | Case No.: 4:20-cv-01996-JST<br><br>**JOINT RULE 26(f) REPORT**<br><br>Initial Complaint Filed: Mar. 20, 2020<br>First Amended Complaint Filed: May 6, 2020<br>Trial Date: Not set<br><br>Scheduling Conference: Sep. 15, 2020<br>  2:00 PM |

Pursuant to the Standing Order for all Judges of the Northern District of California, the undersigned counsel respectfully submit this Joint Case Management Statement.

**JOINT RULE 26(f) REPORT- 1**
- 1

Counsel representing Plaintiff QUAD CITY PATENT, LLC ("Quad City" or "Plaintiff"), and Defendant ZOOSK, INC. ("Zoosk" or "Defendant") have met and conferred telephonically and this joint statement is based on the parties' conference.

The positions set forth in this report are based on the parties' current understanding of the legal and factual issues involved in the case. On May 6, 2020, the Plaintiff filed the First Amended Complaint ("FAC"). On May 26, 2020, Zoosk filed a Motion to Dismiss the FAC. The Motion to Dismiss is currently pending and the hearing has been vacated. The positions below are set forth before the filing and service of any Answer to the FAC. The Plaintiff and Zoosk acknowledge that the contents of any Answer to the FAC may require a change in position. The Plaintiff and Zoosk additionally acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

**1.0 JURISDICTION AND SERVICE:** *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendants' counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 2201(a), 2202; 35 U.S.C. §281l and 15 U.S.C. §1125(a)(1). This Court has personal jurisdiction over Defendant and venue is proper in this judicial district under 28 U.S.C. §1400(b) and 28 U.S.C. §1391(b). Defendant accepted a waiver of service of the Original Complaint and was served according to Court rules with the First Amended Complaint. Defendant has not submitted an Answer to the FAC, while a Motion to Dismiss is pending.

## 2.0 FACTS

**Plaintiff's Position**: Quad City is an Illinois limited liability company, with a principal place of business in the City of Moline, in the State of Illinois. Quad City is the owner by assignment from Lilly Mae Vega ("Vega"), the inventor, possessing all right, title, and interest to and in U.S. Patent No. 7,227,575 B2 ("the '575 Patent").

Quad City asserts in its FAC that Defendant has directly infringed and continues to directly infringe the '575 Patent by making or having made, using, designing, advertising, making available for the use of others, offering to sell, or selling in the United States and in this District, or by importing into the United States, without authorization of Plaintiff, products and services that employ and embody the inventions of the '575 Patent.

The principal factual issues in dispute are whether Defendant's accused products and services practice the '575 Patent, by Defendant's making, using, advertising, importing, selling, and offering for sale their apps and services at Zoosk.com and operating their apps and Zoosk.com.

**Defendants' Position**:

Plaintiff filed its original complaint on March 20, 2020 asserting infringement of U.S. Patent No. 7,272,575 ("the '575 Patent"). The accused products are Zoosk's online dating applications. Dkt. No. 1 ¶ 12. The original complaint contained no factual allegations about how Zoosk's dating applications infringe. *See* Dkt. 1. After laying out in a detailed letter the eligibility problems with Plaintiff's patent and noting the implausibility of the notion that Zoosk's dating applications could even possibly infringe, Zoosk consented to Plaintiff's filing of the First Amended Complaint ("FAC") in an attempt to address the issues presented in Zoosk's letter. On May 6, 2020, Plaintiff filed the FAC. The FAC alleges that Zoosk directly and indirectly

infringes claim 1 of the '575 Patent. Dkt. No. 16. Zoosk filed a Motion to Dismiss the FAC on May 26, 2020 on two grounds: (1) the FAC fails to allege a plausible infringement theory; and (2) the '575 Patent claims ineligible subject matter under § 101. Dkt. No. 17. Briefing is complete and the Court has vacated the hearing for the Motion to Dismiss.

Zoosk denies allegations in the FAC. Zoosk does not directly or indirectly infringe the '575 Patent. The '575 Patent claims ineligible subject matter under 35 U.S.C. § 101. The asserted claim 1 is invalid and/or void for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and 112.

Zoosk denies Plaintiff's requests for relief, including Plaintiff's requests for damages of no less than a reasonable royalty, preliminary and permanent injunctive relief, attorneys' fees, and enhanced damages as a result of Zoosk's alleged willful infringement. Plaintiff has provided no support for its assertions that it has suffered competitive and irreparable harm. Indeed, as Zoosk understands it, Plaintiff does not offer any products or services at all, much less products or services that practice the '575 Patent. For these reasons and more, Plaintiff is not entitled to injunctive relief.

**3.0 LEGAL ISSUES:** *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiffs' Legal Issues**:

The legal issues in this case include whether Defendant's apps, services, products, and operation of Zoosk.com practice the '575 Patent in violation *inter alia* of 35 U.S.C. § 271. The extent of damages, including enhanced damages, to which Plaintiff is entitled as a result of Defendant's infringement is also a disputed issue.

**Defendant's Legal Issues**:

Zoosk asserts that the principal disputed legal issues are:

- The proper construction of any disputed patent-claim terms;
- Whether Zoosk has infringed any claims of the Patent-in-Suit, either directly under 35 U.S.C. § 271(a) or indirectly under § 271(b);
- Whether the asserted claims are ineligible for patent protection under 35 U.S.C. § 101.
- Whether the asserted claims are invalid under 35 U.S.C. §§ 102, 113, and 112, and
- Whether Zoosk is entitled to attorneys' fees under 35 U.S.C. § 285, and if so, the amount of such fees.

**4.0 Motions:** *All prior and pending motions, their current status, and any anticipated motions.*

There is one pending motion, Defendant's Motion to Dismiss (Dkt. No. 17) filed May 26, 2020. Plaintiff has filed an opposition in response and Defendant has filed a reply. The Court has vacated the hearing for the Motion to Dismiss on June 19, 2020. Dkt. No. 23.

**5.0 Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Defendant discussed their issues with the Original Complaint with the Plaintiff. Plaintiff filed the First Amended Complaint and Defendant filed a Motion to Dismiss the FAC. The parties propose that the last day to move for leave to amend pleadings is

JOINT RULE 26(f) REPORT- 5
- 5 -

4154-8152-3749.2

90 days after the case management conference, or 90 days after a decision on the pending Motion to Dismiss, whichever day is later.

**6.0 Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mail, voice mails, and other electronically recorded material.*

The Parties have been advised to take steps to preserve all evidence relevant to the issues reasonably evident in this action, and to interdict any document destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.

Parties are aware of the Northern District of California's protective order applicable to patent cases, Pat. L. Rule 2-2. Given the early stage of this action, the pending Motion to Dismiss, and the current situation regarding COVID-19, the parties are still assessing their positions regarding an agreement to govern the discovery and production of Electronically Stored Information and expect to come to a mutual agreement.

**7.0 Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Initial Disclosures were made by Plaintiff and Defendant pursuant to Fed. R. Civ. P. 26(a)(1)(C).

**8.0 Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, and proposed limitations or modifications of the discovery rules, and a proposed*

*discovery plan pursuant to Fed. R. Civ. P. 26(f).*

No discovery has been taken to date.

**Scope of Anticipated Discovery**

Plaintiff's Position: Plaintiff anticipates that discovery will be needed on at least the following topics:

1. Defendant's commercial operations, including importation, marketing, and promotional activities in support of sales of services and products, including whether Defendant knowingly infringed Plaintiff's patent and whether such conduct was with intentional disregard of Plaintiff's rights;
2. Defendant's importation, advertising, sales, and offers for sale of accused products and services;
3. The structure, function, and operation of Defendant's accused products and services, including whether Defendant's infringement of the '575 Patent is or was willful and in wanton disregard of Plaintiff's rights;
4. Defendant's costs, pricing, margins, marketing, revenues, and profits from sales of products and services; and
5. Defendant's various potential asserted defenses and counterclaims, including of invalidity, eligibility, and non-infringement of the '575 Patent.

Defendant's Position:

Anticipated discovery will include mandatory Rule 26 disclosures, patent disclosures pursuant to the Patent Local Rules, and various forms of discovery regarding issues of claim construction, non-infringement, invalidity, and the alleged damages.

**Discovery Limitations or Modifications**

The Parties agree that no fact or expert discovery will be conducted until Zoosk's pending Motion to Dismiss is resolved by the Court.

The Parties agree that any privileged information inadvertently produced as part of production of electronically stored information shall not be deemed a waiver of the attorney-client privilege, attorney work product protection, or any other recognized privilege or protection. The Parties agree that written discovery may be served via e-mail attachment or otherwise electronically and responses to written discovery may be served via email attachment or otherwise electronically.

Discovery Disputes: The parties have discussed and recognized that they are bound by the Court's rules for addressing discovery disputes as set forth in Section J of the Standing Order for All Civil Cases Before District Judge Jon S. Tigar.

Privilege Logs: The Parties agree that no information concerning documents or things otherwise protected by the attorney-client privilege, the work product doctrine, or other privilege or protection ("Privileged Materials") needs to be entered into a privilege log if the privileged communications occurred on or after the filing of the Original Complaint, March 20, 2020. The parties reserve the right to request logs of Privileged Materials created after March 20, 2020 where good cause exists.

Protective Order: Parties agree to meet and confer in good faith and draft a mutually agreeable protective order, and shall submit a proposed protective order within 30 days of the Court's issuance of a case management scheduling order.  Until the Court enters a protective order in this case, however, the Parties agree that pursuant to Patent L.R. 2-2 the confidentiality of discovery materials will be governed by the authorized Northern District of California Interim Model Protective Order for Patent Cases.

**Plaintiff's Position**: Plaintiff believes that the limitations imposed on fact discovery by the Federal Rules of Civil Procedure are otherwise appropriate to this lawsuit without further alteration, but reserves its right to seek leave for discovery beyond the limits imposed by the Rules should facts emerge that reveal the necessity for such discovery.

**Defendant's Position:**

1. Zoosk proposes that given the current situation regarding the COVID-19 pandemic and workplace and travel restrictions, ESI discovery and source code review should be postponed, to the extent that they require on-site or in-person collection and review.  Parties will evaluate when it will be safe to conduct such activities.

2. <u>Depositions</u>: Zoosk proposes that each side will be limited to 5 non-30(b)(6) fact witness depositions.  There shall be a presumptive seven-hour limit for all non-30(b)(6) depositions.  Zoosk proposes that the 30(b)(6) deposition of each party shall not exceed 14 hours total absent a showing of good cause to the Court or pursuant to the express, written agreement of the parties.

3. <u>Privilege Logs</u>: Zoosk proposes that Privileged Materials created by or on behalf of litigation counsel, communications with litigation counsel, and internal communications within a law firm or corporate legal department do not need to be included in any privilege log, regardless of the date of their creation.  Unless good cause is shown, this includes materials prepared by or on behalf of the law firms representing the parties in their capacity as counsel before the U.S. Patent

JOINT RULE 26(f) REPORT- 9
- 9 -

4154-8152-3749.2

and Trademark Office.

**9.0 Class Actions**: *If a class action, a proposal for how and when the class will be certified.*

Not applicable.

**10.0 Related Cases**: *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Plaintiff has filed one other patent infringement lawsuit in the District regarding the '575 Patent – *Quad City Patent, LLC v. EC Services Corporation*, 4:20-cv-02442-YGR (N. D. Cal.).

Plaintiff has filed one other patent infringement lawsuit in the Central District of California regarding the '575 Patent - *Quad City Patent, LLC v. TD Ameritrade Services Company, Inc.*, 8:20-cv-00688-DOC-DFM (C. D. Cal.).  This case has been dismissed without prejudice due to Plaintiff's lack of prosecution.

**11.0 Relief**: *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiff's Position**: Plaintiff seeks to permanently enjoin Defendant from infringing and inducing others to infringe the '575 Patent. Plaintiff further seeks damages based on Defendant's infringement, pre-judgment and post-judgment interest, and costs, as well as enhanced damages for Defendant's intentional infringement.

**Defendant's Position:** Zoosk seeks a judgment that it does not infringe any of the asserted claims of the '575 Patent, and that any asserted claim is invalid and/or unenforceable.  Plaintiff should be denied all relief sought in its FAC, and Zoosk

should be awarded its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees, pursuant to 35 U.S.C. § 285.

**12.0 Settlement and ADR**: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Parties have conferred regarding settlement and intend to continue such discussions in good faith. Parties both believe that further settlement discussions may continue after resolution of the pending Motion to Dismiss.

**13.0 Consent to Magistrate Judge For All Purposes**: *Whether all parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

Plaintiff declined magistrate jurisdiction.

**14.0 Other References**: *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties believe that this lawsuit is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.0 Narrowing of Issues**: *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Parties believe that the factual issues will be narrowed after service of the Plaintiff's Infringement Contentions and Defendant's Invalidity Contentions.

**16.0 Expedited Trial Procedure:** *Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.*

<u>**Plaintiff's Position**</u>: Plaintiff believes that this lawsuit is suitable for prompt resolution after discovery. Plaintiff believes that damages discovery should proceed immediately, and that Defendant's liability can be established on summary judgment. Plaintiff does not believe that this type of case is amenable to being handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

<u>**Defendant's Position**</u>: Zoosk does not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.0 Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial.*

Parties jointly propose the schedule below. As to all deadlines not specifically proposed, Parties agree that deadlines in this action will be governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders.

| Event | Proposed Date |
|---|---|
| Serve infringement contentions and accompanying production (Patent L.R. 3-1, 3-2) | Tuesday, Sep. 29, 2020 |
| Last day to move for leave to amend pleadings | Tuesday, Dec. 15, 2020 or 90 days after order on pending |

**JOINT RULE 26(f) REPORT- 12**
- 12 -

4154-8152-3749.2

| | |
|---|---|
| | motion to dismiss, whichever is later. |
| Serve invalidity contentions and accompany production (Patent L.R. 3-3, 3-4) | Friday, Nov. 13, 2020 |
| Exchange proposed claim terms for construction (Patent L.R. 4-1) | Monday, Nov. 30, 2020 |
| ADR completion deadline | 90 days after the entry of the order referring the case to ENE (early neutral evaluation) |
| Exchange preliminary claim constructions (Patent L.R. 4-2) | Monday, Dec. 21, 2020 |
| File damages contentions (Patent L.R. 3-8) | Monday, Jan. 4, 2021 |
| File joint claim construction statement (Patent L.R. 4-3) | Tuesday, Jan. 12, 2021 |
| File responsive damages contentions (Patent L.R. 3-9) | Wednesday, Feb. 3, 2021 |
| Claim construction discovery cutoff (Patent L.R. 4-4) | Thursday, Feb. 11, 2021 |
| Opening claim construction brief (Patent L.R. 4-5) | Friday, Feb. 26, 2021 |
| Responsive claim construction brief (Patent L.R. 4-5) | Friday, March 12, 2021 |
| Reply claim construction brief (Patent L.R. 4-5) | Friday, Mar. 19, 2021 |
| Claim construction hearing | Wednesday, Apr. 7, 2021 |

| Disclosure of opinions of counsel (Patent L.R. 3-7) | 30 days after date of the claim construction order |
|---|---|
| Fact discovery cutoff | Friday, Jan. 28, 2022 |
| Last day for party with burden of proof to serve opening expert reports | Friday, Mar. 4, 2022 |
| Last day to serve rebuttal expert reports | Friday, Apr. 8. 2022 |
| Expert discovery cutoff | Friday, May 20, 2022 |
| Dispositive motion hearing cutoff | Wednesday, Sep. 21, 2022 |
| Pretrial conference | Friday, Jan. 20, 2023 |
| First day of trial | Monday, Feb. 20, 2023 |

**18.0 Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Parties both request trial by jury.

**Plaintiff's Position**: Plaintiff anticipated needing 4 days for its case-in-chief.

**Defendant's Position**: Zoosk currently anticipates needing 4 days to present its case.

**19.0 Disclosure of Non-Party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiff's Position**: Plaintiff herein repeats, as stated in its Certification of Interested Entities or Persons, that there are no interests to report other than the Plaintiff, Quad City Patent, LLC, and that the two individuals serving as members of plaintiff corporation are James E. Young, and Lilly May Vega.

**Defendant's Position**: Zoosk has filed a Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(a), counsel for Zoosk certifies that as of the date of this statement, and at all times since the filing of Plaintiff's complaint, there is no interest to report pursuant to Civil L.R. 3-15, other than the entities named in the Rule 7.1(a) Disclosure. Dkt. No. 18.

**20.0 Professional Conduct:** *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

**Plaintiff's Position**: Plaintiff's attorney of record, Frederic M. Douglas, has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Defendant's Position**: Zoosk certifies that the attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.0 Other matters to facilitate the just, speedy, and inexpensive disposition of this matter:**

Parties have no issues to present for the Court's consideration at this time.

**22.0 Patent Local Rule 2-1(b)**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

**A.    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications at this time.

**B.    The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery**

The parties anticipate that claim construction and damages discovery will occur in accordance with the Patent Local Rules.  The parties do not at this time anticipate a need to limit the scope of such discovery.

**C.    The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patent-in-Suit, the technology involved, and the number and nature of claim terms that remain in dispute at the time of the hearing. The parties do not currently anticipate that they will seek to present live expert witness testimony at the claim construction hearing and any tutorial but wish to follow the Court's preferences on this issue.  The parties anticipate requesting at least 2 hours for the Claim Construction Hearing, with each side entitled to half of the total time permitted.

**D.    How the parties intend to educate the court on the technology at issue.**

The parties propose providing the Court with a tutorial regarding the technology at issue in conjunction with their claim construction arguments or at the Court's convenience.

**JOINT RULE 26(f) REPORT- 16**
- 16 -

E. **Non-binding, good-faith estimate of the damages range.**

**Plaintiff's Position:** Plaintiff seeks damages adequate to compensate for the infringement, including, but not limited to, lost profits and a reasonable royalty. Plaintiff also seeks a finding that the infringement was willful and that the damages found or assessed be trebled under 35 U.S.C. § 284.

**Defendant's Position**: Zoosk contends that Plaintiff is not entitled to any money damages, nor attorneys' fees, expenses, or costs. Zoosk reserves the right to seek its costs of defense, including reasonable attorneys' fees. Currently, Zoosk has not received Plaintiff's infringement contentions, and does not have enough information to rebut Plaintiff's non-binding, preliminary statement of the range of monetary damages it seeks.

////
////

Respectfully submitted,

_____/s/ Frederic M. Douglas_____
Frederic M. Douglas California Bar. No. 212778
15333 Culver Drive, Suite 340
Irvine, CA 92604-3051
Tel: 949/293-50442
Fax: 949/203-8768
E-mail: fdouglas@cox.net

Attorney for Plaintiff

_____/s/ Robert L. Uriarte_(with permission)_____
Robert L. Uriarte (Bar No. 258274)
ruriarte@orrick.com
Li Shen (Bar No. 307896)
lshen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel: 650-614-7400

Attorneys for Defendant

**JOINT RULE 26(f) REPORT- 18**
**- 18**

4154-8152-3749.2

## Certificate of Service

I hereby certify that on Sep. 8, 2020, I filed the foregoing documents

**JOINT RULE 26(f) REPORT**

electronically in compliance with Local Rules, constituting electronic service upon counsel of record that have consented to electronic service. All other counsel of record or pro se parties were served with a true and correct copy of the foregoing by email, U.S. mail, or facsimile transmission, on this the 8th day of Sep 2020.

/s/ Frederic M. Douglas